Filed 10/31/13  P. v. Hale CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARVIN CHARLES HALE, JR.,<br><br>    Defendant and Appellant. | A136133<br><br>(Sonoma County<br>Super. Ct. No. SCR-616416) |

Appellant, Marvin Charles Hale, Jr., appeals from a June 16, 2011 order of the Sonoma County Superior Court making him available for retaking by the State of Idaho after a probable cause hearing under the Rules of the Interstate Commission for Adult Offender Supervision (specifically rule 5.108).[1] His court-assigned attorney has filed a brief raising no legal arguments and requesting this court to conduct an independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

### FACTS AND PROCEEDINGS BELOW

On April 9, 2012,[2] the District Attorney of Sonoma County filed a felony fugitive complaint against appellant under Penal Code section 1551.1,[3] alleging that appellant was

---

[1] The two rules of the Interstate Commission for Adult Offender Supervision (ICAOS Rules) pertinent to this appeal are set forth in the Appendix to this opinion.  The entire rules of the Commission are available at http//www.interstatecompact.org.

[2] All dates are in that year unless otherwise indicated.

[3] All statutory references are to the Penal Code.

a fugitive from justice within the meaning of that statute and also section 1551, because there was a warrant for his arrest in Idaho for violating felony probation.[4]

After appellant sought leave to represent himself under *Faretta v. California* (1975) 422 U.S. 806, he was on April 19 allowed to do so. That same date he filed several motions, including a request for discovery and related services, and on April 26 he filed a demurrer to the complaint and a plea of double jeopardy. On April 30, he filed additional motions, including a request for temporary release enabling him to resume treatment at the San Francisco Veterans Affairs Medical Center.

A hearing on identity and extradition pursuant to sections 1551.1 and 1555 was held in the Sonoma County Superior Court on May 2. The district attorney produced a booking document from Valley County Idaho, including a photograph of appellant, to show probable cause of appellant's identity. Other evidence the prosecution presented was a bench warrant based on appellant's violation of terms of probation imposed by the Idaho Board of Corrections and a signed document in which appellant stated that, if permitted to leave Idaho to visit California he would waive extradition and not contest any effort to compel his return to Idaho. The court continued the hearing to give appellant time to gather documentary evidence establishing his right to remain in California.

---

[4] Appellant was convicted in Idaho of the felony offense of operating a motor vehicle while under the influence of a controlled substance (more than two times within 10 years) (West's Ann. Idaho Code, tit. 18, Ch. 80, §§ 18-8004, 18-8005) and sentenced to the State Board of Correction for 6 and one-half years. Sentence was suspended and appellant was placed on probation for 10 years on January 6, 2010. It appears that after appellant violated the probation he was serving in Marin County under the Interstate Compact, which was his second probation violation, and the violation was reported to the Idaho Department of Corrections, the District Court for the Fourth Judicial District of the State of Idaho in and for the County of Valley issued a ruling finding appellant in violation of his probation (for a second time) and executed the previously imposed but suspended sentence on October 26, 2012. After the decision of the Sonoma Superior Court here challenged, appellant was delivered to Idaho authorities and is now in custody in that state.

When the hearing resumed on May 9, the district attorney represented to the court that she had spoken with the Idaho District Attorney assigned appellant's case, and a Sonoma County probation official who stated that appellant had been allowed to reside in Marin County under the Interstate Compact and be supervised by that county's probation department. The Idaho District Attorney also stated that when a defendant convicted in Idaho absconded from out-of-state probation supervision, Idaho authorities were required to seek return of the individual to Idaho for a hearing on the probation violation. Sonoma County Superior Court Judge Dana Simonds, who presided at the hearing, explained to appellant that neither Marin nor Sonoma County could adjudicate the alleged probation violations, which would take place in Idaho. The Sonoma Court's sole function was to determine whether to order appellant returned to Idaho for that adjudication.

Judge Simonds responded to the Idaho request for extradition by issuing an order remanding appellant to custody without bail and directing delivery of him to appropriate agents of the state. The court gave appellant until May 23, ten days, in which to seek a writ of habeas corpus under section 1555.2, subdivision (e); which writ petition, the court stated, should be submitted to the Court of Appeal for the First Appellate District. Such a writ petition has never been filed by appellant in this court.

On May 17, Tina Ornell, the Sonoma County Probation Officer assigned to comply with the Interstate Compact, advised the court that a probable cause hearing as to identification and the alleged probation violations was required in order for it to order appellant returned to Idaho. Appellant's request for the appointment of counsel to represent him at that hearing was granted. Appellant's request for release in order to obtain medical treatment was denied.

The probable cause hearing to determine whether appellant was in violation of a term of his probation under ICAOS Rules, rule 5.108, was held on June 18. The prosecution presented two witnesses: Marin County Probation Officers Terry Wright and Elizabeth Carranza.

3

Officer Carranza's testimony established that appellant resided at 249 West Blithedale Avenue in Mill Valley. Officer Carranza, who was in charge of supervising appellant's compliance with the terms of his probation while he resided in Marin County, described her numerous attempts to contact him directly and also by mail after he was accepted for interstate supervision, and his evasion of all of her efforts to do so.

Carranza finally asked a probation department detective to find appellant, but he reported that appellant's West Blithedale Avenue residence was always dark. When Carranza finally reached appellant by phone in December 2011, he said he was then at a veteran's conference in San Diego. Carranza told him the appointment letter she sent him had been returned. Appellant said he was having problems with his mail, but planned to return to Marin in January. Over the phone, Carranza scheduled probation appointments in January and February 2012, but appellant failed to show up on either date. When Carranza called him after he failed to show up on the February date appellant told her he was still in San Diego and did not know when he would return. Carranza asked him to send her an e-mail explaining what he was doing in San Diego, but he never did so.

Appellant left three voicemail messages for Carranza, stating he was unable to return to Marin due to dental surgery. Carranza phoned him back after each message to reschedule a meeting, but could not leave a message because his voicemail message box was full. Carranza made no further efforts to reach appellant, and closed her file on him in March or April. Appellant made no call to Carranza after February 2012.

Appellant testified that he returned to his West Blithedale Avenue residence in Marin County from Idaho in July 2011. He offered a tax bill and loan documents to establish his ownership of the Blithedale Avenue property. He was unable to reach Carranza by phone directly, he said, because he had trouble using the telephone and messaging system used by the probation department. He explained his failure to send Carranza the information she asked for by e-mail, as he said he would, because he and his partner had difficulties with their computer system. He said he never received mail at his West Blithedale Avenue residence because of problems with that property and had all of

4

his mail sent to his "business address": 100 Brown Street in Sebastopol, California. However, he admitted he had not provided that or any other address to Officers Wright and Carranza. He said he was unable to attend the February appointment, or any other probation meetings during that month due to his medical condition. He explained this to Carranza several times but she claimed she needed verification he did not provide. Appellant admitted he had previously been on both state and federal probation.

Before finding appellant in violation of his probation, the trial court pointed out that this was "the third time we are going through this violation-type situation" and "that's why it is continually unbelievable to me that you did not know that you were supposed to be in close contact with a supervising probation officer." Noting that at each of his court appearances appellant had reminded the court that he was a captain in the United States Army, Special Forces, the court felt he should appreciate the importance of rules. The court also emphasized that "it's not the probation office's duty in any community to work on tracking you down" and appellant's failure to reveal his Sebastopol address to Marin County probation authorities amounted to "a game of cat-and-mouse" with them. Concluding that appellant made no effort to let Marin County authorities know his whereabouts until after he was arrested in Sebastopol by Sonoma County authorities, the court found him in violation of his probation and, pursuant to section 1555.2, subdivision (c), he was to be made available to be picked up by a designated representative of the State of Idaho.

Timely notice of appeal was filed on July 16, 2012. On December 3, 2012, the First District Appellate Project asked this court to appoint Alfons Wagner counsel for appellant on this appeal and the request was granted on December 5, 2012. After the court granted several requests for extensions of time within which to file appellant's opening brief , appellant's *Wende* brief was filed by attorney Wagner on April 10, 2013.

On May 10, 2013, after the *Wende* brief was filed, attorney Wagner filed a request for a fifth extension of time to enable appellant to file a pro per brief. The request states that appellant "is in prison in Idaho and is having difficulty obtaining basic assistance

5

with the prison paralegal and advises me he needs the additional time to complete his brief."

On August 14, 2013, appellant filed with this court a personal letter "requesting and demanding" that attorney Wagner "recuse himself and withdraw" from representation in this case, and also requesting "a sixty day extension" within which, apparently, to file a supplemental brief in propria persona. Attached to this letter request is a copy of a letter from appellant to attorney Wagner dated August 9, 2013, charging the latter with a "CONFLICT!" (due to his alleged friendship with Idaho District Judge Thomas F. Neville, who executed the previously suspended state prison sentence), and "Obstruction of Justice" (due to his refusal "to report a crime in the fact that my primary address on file with the states of California and Idaho as my legal address of 249 West Blithedale Ave., Mill Valley, California . . . gives me status as a Class Action Class Member of the (25B) Twenty-five billion litigation known as the National Mortgage Settlement . . ."). We denied this untimely request on August 29, 2013.

On September 12, 2013, appellant personally filed with the clerk of this court a "Motion and Affidavit For: (I) Substitution of Counsel From Appointed Counsel to Retained Counsel of Choice Via Telephonic/Video Appearance —15 December, [2013]."[5] Attached to this document was a "Motion and Declaration of Good Cause for Extension of Time to File the Following Motions: (I) Substitution of Counsel With Oral Argument (II) Ancillary Services for Expert/Material Witness With Oral Argument (III) Telephonic Video Appearance." The motion and declaration were accompanied by numerous "Attachments and Enclosures." We denied the motions, which were also very untimely, on September 16, 2013.

DISCUSSION

The chief question presented is whether the Sonoma County Superior Court erred in finding probable cause under rules 5.103 and 5.108 of the Interstate Commission for Adult Offender Supervision, which are set forth in the Appendix to this opinion.

_____

[5] This document does not identify the "Retained Counsel of Choice" appellant proposes to substitute for assigned counsel.

6

ICAOS Rules, rule 5.103(a), provides that "[u]pon a request by a receiving state [here California] and a showing that the offender has committed 3 or more significant violations arising from separate incidents that establish a pattern of non-compliance of the conditions of supervision, a sending state [here Idaho] shall retake or order the return of an offender from the receiving state . . . ."

ICAOS Rules, rule 5.108(d), provides, as material, that the offender shall be entitled to the following rights at the probable cause hearing: [¶] (1) Written notice of the alleged violation(s); [¶] (2) Disclosure of non-privileged or non-confidential evidence regarding the alleged violation(s); [¶] (3) The opportunity to be heard in person and to present witnesses and documentary evidence relevant to the alleged violation(s); (4) The opportunity to confront and cross-examine adverse witnesses, unless the hearing officer determines that a risk of harm to a witness exists."

Our independent examination of the record discloses substantial evidence that appellant has committed more than three "significant violations"[6] of the conditions of supervision of his probation. The record also establishes that appellant was accorded the rights at the probable cause hearing to which he is entitled under rule 5.108; that is, he was provided written notice of the alleged violations, the adverse evidence regarding said violations, an ample opportunity to be heard in person and to present witnesses and other relevant evidence, and an opportunity to confront and cross-examine the two witnesses who testified against him.

Appellant was at all times represented by able counsel who protected his rights and interests.

No prejudicial evidence was received in evidence that should have been excluded and no probative evidence was excluded that should have been received.

The court's order is authorized by law.

---

[6] Rule 1.101 of the ICAOS Rules defines "significant violation" as "an offender's failure to comply with the terms or conditions of supervision that, if occurring in the receiving state, would result in a request for revocation of supervision."

Our independent review having revealed no arguable issues that require further briefing, the judgment is affirmed.

_____
Kline, P.J.

We concur:

_____
Haerle, J.

_____
Brick, J.*

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8

## Rule 5.103 - Mandatory retaking for violation of conditions of supervision

(a) Upon a request by the receiving state and a showing that the offender has committed 3 or more significant violations arising from separate incidents that establish a pattern of non–compliance of the conditions of supervision, a sending state shall retake or order the return of an offender from the receiving state or a subsequent receiving state.

(b) If the offender does not return to the sending state as ordered, then the sending state shall issue a warrant that is effective in all compact member states, without limitation as to specific geographic area, no later than 10 calendar days following the offender's failure to appear in the sending state.

## Rule 5.108 - Probable cause hearing in receiving state

(a) An offender subject to retaking for violation of conditions of supervision that may result in a revocation shall be afforded the opportunity for a probable cause hearing before a neutral and detached hearing officer in or reasonably near the place where the alleged violation occurred.

(b) No waiver of a probable cause hearing shall be accepted unless accompanied by an admission by the offender to 1 or more significant violations of the terms or conditions of supervision.

(c) A copy of a judgment of conviction regarding the conviction of a new felony offense by the offender shall be deemed conclusive proof that an offender may be retaken by a sending state without the need for further proceedings.

(d) The offender shall be entitled to the following rights at the probable cause hearing:
    (1) Written notice of the alleged violation(s);
    (2) Disclosure of non–privileged or non–confidential evidence regarding the alleged violation(s);
    (3) The opportunity to be heard in person and to present witnesses and documentary evidence relevant to the alleged violation(s);

(4) The opportunity to confront and cross–examine adverse witnesses, unless the hearing officer determines that a risk of harm to a witness exists.

(e) The receiving state shall prepare and submit to the sending state a written report within 10 business days of the hearing that identifies the time, date and location of the hearing; lists the parties present at the hearing; and includes a clear and concise summary of the testimony taken and the evidence relied upon in rendering the decision. Any evidence or record generated during a probable cause hearing shall be forwarded to the sending state.

(f) If the hearing officer determines that there is probable cause to believe that the offender has committed the alleged violations of conditions of supervision, the receiving state shall hold the offender in custody, and the sending state shall, within 15 business days of receipt of the hearing officer's report, notify the receiving state of the decision to retake or other action to be taken.

(g) If probable cause is not established, the receiving state shall:
(1) Continue supervision if the offender is not in custody.
(2) Notify the sending state to vacate the warrant, and continue supervision upon release if the offender is in custody on the sending state's warrant.
(3) Vacate the receiving state's warrant and release the offender back to supervision within 24 hours of the hearing if the offender is in custody.